# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| TOUCH AMERICA HOLDINGS, INC. et al., | : Jointly Administered <br> : Case No. 03-11915 (KJC) |
| Debtors | : Objection Deadline: August 4, 2003 @ 4:00 p.m. <br> : Hearing Date: Only if Objections Filed |

## APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF CHANIN CAPITAL PARTNERS, LLC AS FINANCIAL ADVISORS FOR THE COMMITTEE OF UNSECURED CREDITORS

1. The Committee of Unsecured Creditors (the "Committee") of Touch America Holdings, Inc.; Touch America, Inc.; Entech LLC; Touch America Intangible Holding Company, LLC; Touch America Purchasing Company; American Fiber Touch, LLC; and Sierra Touch America, LLC, debtors and debtors in possession (collectively, the "Debtors"), hereby applies (the "Application") for an Order under sections 327, 328 and 1103 of Title 11 of the United States Code (the "Bankruptcy Code") authorizing the employment and retention of Chanin Capital Partners, LLC ("Chanin") as financial advisor to the Committee. In support of this Application, the Committee submits the Affidavit of Brent Williams (the "Williams Affidavit"), a copy of which is annexed hereto and incorporated herein by reference. In further support of this Application, the Committee respectfully represents as follows:

### Relief Requested

2. The Debtors are large, complex enterprises, and the Committee requires the services of an experienced financial advisor such as Chanin. In order to allow Chanin to be compensated for work performed on or after its retention on June 27, 2003, but prior to its submission of this Application, the Committee seeks to employ and retain Chanin as financial advisor, effective as of June 27, 2003, to represent the Committee as its financial advisor in connection with these Chapter 11 cases. The Committee submits that these

circumstances are of a nature warranting retroactive approval. See, e.g., F/S/ Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.), 844 F.2d 99, 103 (3d Cir.), cert. denied, 488 U.S. 852 (1988); Indian River Homes, Inc. v. Sussex Trust Co., 108 B.R. 46, 51 (D. Del. 1989) (approval of debtor's employment of attorney and real estate agent nunc pro tunc was not an abuse of discretion).

3. Accordingly, the Committee respectfully requests entry of an order under Sections 327, 328 and 1103 of the Bankruptcy Code authorizing it to employ and retain Chanin as its financial advisor to perform the legal services that will be necessary during these Chapter 11 cases as described below, and as more fully described in the engagement letter between Chanin and the Committee (the "Engagement Letter"), which is attached as Schedule 2 to the Williams Affidavit.

## Background

### *Selection of Creditors' Committee and Chanin as Its Financial Advisor*

4. On or about June 19, 2003 (the "Petition Date"), each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On or about June 23, 2003, the Court entered an order for the joint administration of the Debtors' Chapter 11 cases. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. On June 27, 2003, the Office of the United States Trustee (the "U.S. Trustee") conducted an initial formation meeting (the "Formation Meeting") of creditors interested in serving on the Official Committee of Unsecured Creditors (the "Committee") of the Debtors. At the Formation Meeting the U.S. Trustee announced the selection of the members of the Committee, as follows:

| Creditor | Representative(s) |
|---|---|
| Jode Corp. | John Harp |
| Orius Corp. | Thomas W. Hartman |
| Oasis Telecom, Inc. | Tom D. Hinrichs |
| Renegade of Idaho, Inc. | Eliot C. Abbott |
| Bayport Pipeline, Inc. | James Hovanec |

7. After the selection of its members, the newly formed Committee selected John Harp as its chairperson. The Committee also selected Chanin as its financial advisor.

8. On June 30, 2003, the U.S. Trustee filed with the Court, its selection of the above listed members to the Committee for the Debtors.

## *Qualification of Professionals*

9. The Committee understands that Chanin is an investment banking boutique with extensive experience in providing the following financial services: Financial Recapitalizations and Restructurings; Mergers and Acquisitions; Capital Raising; and Valuations and Fairness and Solvency Opinions. With 45 dedicated professionals and offices in Dallas, London, Los Angeles and New York, Chanin Capital Partners is one of the largest, independent, specialty investment banks providing financial advisory services for the middle market and for distressed transactions. Since its founding in 1990, the professionals of Chanin Capital Partners have completed more than $90 billion in financial restructuring transactions, consummated more than $40 billion in merger and acquisition transactions, privately placed more than $5 billion in debt and equity securities, and rendered hundreds of valuations and fairness and solvency opinions.

*Prior Employment*

10. Chanin did not provide the Committee or any informal group of creditors of the Debtors with financial advisory services prior to June 27, 2003. Chanin has not received any payment for services rendered prior to the date of this Application.

## Services to be Rendered

11. The services of financial advisors are necessary to enable the Committee to execute faithfully its duties on behalf of the creditors as a whole. Pursuant to the Engagement Letter and subject to further order of this Court, the Committee has requested Chanin to render the following financial advisory services in connection with a restructuring of the Debtors' indebtedness through these bankruptcy cases:

(a) Review and analyze the Debtors' operations and financial condition, business plans and strategy, operating forecasts, and management;

(b) Analyze any merger, acquisition, divestiture, joint-venture, or new project transactions proposed by the Debtors, and provide investment banking services as may be necessary;

(c) Review and provide analysis and recommendations regarding any proposed dispositions of assets of the Debtors, debtor-in-possession financing, proposed operational changes, and the Debtors' proposed non-ordinary course expenditures, including employee retention plans and other related programs;

(d) Assist the Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring or plan of reorganization, including the value of the securities, if any, that may be distributed to unsecured creditors under any such restructuring or plan; and

(e) Provide the Committee with other financial advisory services with respect to the Debtors, including valuation, general restructuring advice, and expert testimony with respect to financial, business and economic issues, as

requested by the Committee.

12. It is necessary and essential that the Committee employ financial advisors to render the foregoing professional services. Chanin has indicated a willingness to act on behalf of, and render such services to, the Committee. In light of the experience and expertise of Chanin and the business and financial affairs of the Debtors, the Committee believes Chanin is well qualified to represent the Committee in these bankruptcy cases.

13. All of the services that Chanin will provide to the Debtors will be at the request of the Committee and appropriately directed by the Committee so as to avoid duplicative efforts among professionals retained in the cases.

### Disinterestedness of Professionals

14. To the best of the Committee's knowledge, based on the Williams Affidavit filed herewith, and except as set forth in Schedule 1 to said Affidavit, Chanin has informed the Committee that it does not hold or represent an interest adverse to the Committee or the bankruptcy estates.

15. The Committee is informed by Chanin that it is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, such that, Chanin, its directors, officers, and employees:

(a) are not or were not a creditor, an equity security holder or an insider of the Debtors;

(b) are not or were not an investment banker for any outstanding security of the Debtors;

(c) have not been, within 3 years before the filing of the Debtors' Chapter 11 cases (the "Petition Date"), (i) an investment banker for any security of the Debtors or (ii) an attorney for an investment banker in connection with the offer, sale or issuance of any security of the Debtors;

(d) are not or were not, within 2 years before the Petition Date, a director, officer or employee of the Debtors or of an investment banker of the Debtors; and

(e) do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reasons of any direct or indirect relationship to, connection with or interest in the Debtors or an investment banker of the Debtors or for any other reason.

16. To the best of the Committee's knowledge and as set forth in the Williams Affidavit, except as set forth in Schedule 1 to the Williams Affidavit, Chanin has no connection with the Debtors, creditors, any other party in interest in these Chapter 11 cases, or their respective attorneys and accountants.

### Professional Compensation

17. For professional services, Chanin has agreed to a monthly advisory fee of $125,000 per month (the "Monthly Fee"). The Monthly Fee shall be due on the first day of each month. In addition to the Monthly Fee, Chanin and the Committee have agreed that Chanin shall be entitled to monthly reimbursement of reasonable out-of-pocket expenses incurred in connection with the services to be provided under this Agreement. Monthly Advisory Fees plus reimbursement of reasonable and documented out-of-pocket expenses as billed are due upon the first day of each month to Chanin at the address listed above. Out-of-pocket expenses shall include, but not be limited to, all reasonable travel expenses, computer and research charges, messenger services, and long-distance telephone calls incurred by Chanin in connection with the services to be provided to the Committee.

18. The Committee submits that the Monthly Fee arrangement is reasonable and, therefore, should be approved by the Court. See 11 U.S.C. § 328(a). The "flexibility written into [Section 328] encourages bankruptcy judges to approve compensation arrangements that reflect market conditions and to fashion arrangements suitable to the circumstances of the case before it." In re Niover Bagels, Inc., 214 B.R. 291, 294 (Bankr. E.D.N.Y. 1997). Here, the terms of the Monthly Fee are reasonable and reflect market conditions. Chanin, like most investments banks, does not bill by the hour. This billing practice is almost as common, if not as common, in bankruptcy as it is outside of the

bankruptcy practice. Flat fee arrangements are often charged, on a monthly basis throughout the pendency of a bankruptcy case. Under the terms of the Engagement Letter, the Debtors may cancel the engagement on 30 days written notice.

19. Regardless of the time and manner of interim compensation, Chanin understands that, subject to this Court's orders, Chanin will be required to follow the procedures for final allowance of fees at the end of the bankruptcy cases, or the conclusion of its representation of the bankruptcy estate, under Section 330 of the Bankruptcy Code.

20. Chanin has agreed to accept as compensation on a final basis such sums as may be allowed by the Court on the basis of the necessity of services rendered to the administration of the estates, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in these cases.

### *Indemnification*

21. Chanin has requested that the Debtors provide indemnification and other obligations set forth in the scheduled attached to the engagement letter between Chanin and the Committee. A copy of the Engagement Letter is attached as Schedule 2 to the Williams Affidavit. Chanin has indicated that it will not serve as financial advisor to the Committee if the indemnification and other obligations are not approved by the Court. As more fully set forth in the Engagement Letter, Chanin will not be entitled to indemnification if an injury has resulted from Chanin's willful misconduct or gross negligence.

### *Notice*

22. A copy of this Application and the proposed order has been served on (a) the United States Trustee; (b) counsel to the Debtors; and (c) all parties that have requested notice in these cases. The Committee submits that no other or further notice is required.

### *No Prior Request*

23. No previous request for the relief sought in this Application has been made to this Court or any other Court.

### Conclusion

WHEREFORE, based upon the foregoing, the Committee respectfully requests that the Court enter an order substantially in the form annexed hereto (a) granting this Application, (b) authorizing the Committee to retain and employ Chanin, as of June 27, 2003, as its financial advisor in these chapter 11 cases, and (c) granting such other and further relief as this Court may deem just and proper.

Dated: July 18, 2003

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF TOUCH
AMERICA HOLDINGS, INC., *et al.*

By: _____
John Harp
Chairperson of the Committee