IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TOUCH AMERICA HOLDINGS, INC. | : | Jointly Administered |
| et al., | : | Case No. 03-11915 (KJC) |
| | : | |
| Debtors | | Re: Docket No. _____ |

### ORDER AUTHORIZING EMPLOYMENT OF CHANIN CAPITAL PARTNERS, LLC AS FINANCIAL ADVISORS FOR THE COMMITTEE OF UNSECURED CREDITORS

Upon the application ("Application") of the Committee of Unsecured Creditors (the "Committee") appointed by the U.S. Trustee in the cases of Touch America Holdings, Inc.; Touch America, Inc.; Entech LLC; Touch America Intangible Holding Company, LLC; Touch America Purchasing Company; American Fiber Touch, LLC; and Sierra Touch America, LLC, debtors and debtors in possession (collectively, the "Debtors"), for entry of an order under Sections 327, 328 and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code") authorizing employment and retention of Chanin Capital Partners, LLC ("Chanin") as financial advisors to the Committee; and upon the Affidavit of Brent Williams (the "Williams Affidavit"), which is annexed to the Application; wherein it appears that, based upon the representations made in the Application and Williams Affidavit, that neither Chanin, nor its directors, officers or employees, represents an interest adverse to the estates with respect to matters which they are to be engaged and qualify as "disinterested persons" as that term is defined under section 101(14) of the Bankruptcy Code; and this Court having determined that such retention is in the best interests of the Debtors' estates, creditors and other parties in interest; and notice of the Application having been given to the Office of the United States Trustee for the District of Delaware, the Debtors, and other parties requesting notice in these cases, and it appearing that no other or further notice need be given; and

upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application be, and it hereby is, GRANTED in its entirety; and it is further

ORDERED, that, pursuant to Sections 327, 328 and 1103 of the Bankruptcy Code, the Committee, be, and it hereby is, authorized to employ and retain Chanin as its financial advisor, as of June 27, 2003, to perform the services set forth in the Application; and it is further

ORDERED, that Chanin shall be compensated for services rendered at a rate of $125,000 per month on an interim basis each month (the "Monthly Fee"); and it is further

ORDERED, that Chanin's Monthly Fee shall be prorated in any month in which Chanin does not render services for the entire month; and it is further

ORDERED, that Chanin's reasonable fees and expenses incurred on or after June 27, 2003, shall be paid by these bankruptcy estates on an interim basis each month; and it is further

ORDERED, that all interim compensation paid to Chanin shall be subject to final review at the time of final fee applications in these cases pursuant to Section 330 of the Bankruptcy Code and other applicable rules, guidelines and law.

Dated: Wilmington, Delaware
_____, 2003

_____
United States Bankruptcy Judge