# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TOUCH AMERICA HOLDINGS, INC. | : | Jointly Administered |
| et al., | : | Case No. 03-11915 (KJC) |
| | : | |
| Debtors | | Objection Deadline:<br>Hearing Date: |

## AFFIDAVIT OF BRENT WILLIAMS

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS: |
| COUNTY OF NEW CASTLE | ) |

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Brent Williams, being duly sworn, deposes and says:

1. I am a Senior Vice President of Chanin Capital Partners, Inc. ("Chanin"), an investment banking boutique. Chanin maintains offices in Dallas, London, Los Angeles and New York. I am a resident of the New York office which is located at 333 Madison Avenue, 11th Floor, New York, New York 10017.

2. I make this affidavit (this "Affidavit") pursuant to sections 328 and 1103 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") in support of the Application for Order Authorizing Employment of Chanin Capital Partners, LLC as Financial Advisors for the Official Committee of Unsecured Creditors (the "Committee") of Touch America Holdings, Inc. and its affiliates. The facts set forth in the Affidavit are personally known to me and, if called upon as a witness, I could and would testify thereto. Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

### Selection of Creditors' Committee and Chanin as Its Financial Advisor

3.  At the formation meeting of the Committee, Chanin was selected as financial advisor to the Committee as set forth in the Application submitted herein and signed by Mr. John Harp. Mr. Harp was selected as Chair of the Committee, and he represents Jode Corp. as a member of the Committee.

### Qualifications of Professionals

4.  Chanin is an investment banking boutique providing the following financial services: Financial Recapitalizations and Restructurings; Mergers and Acquisitions; Capital Raising; and Valuations and Fairness and Solvency Opinions. With 45 dedicated professionals and offices in Dallas, London, Los Angeles and New York, Chanin Capital Partners is one of the largest, independent, specialty investment banks providing financial advisory services for the middle market and for distressed transactions. Since its founding in 1990, the professionals of Chanin Capital Partners have completed more than $90 billion in financial restructuring transactions, consummated more than $40 billion in merger and acquisition transactions, privately placed more than $5 billion in debt and equity securities, and rendered hundreds of valuations and fairness and solvency opinions.

### Prior Employment

5.  Chanin did not provide the Committee or any creditors of the Debtors with bankruptcy or non-bankruptcy related services prior to June 27, 2003. Chanin has not received any payment for services rendered prior to the date of this Application.

### Services to be Rendered

6.  As set for in the engagement letter ("Engagement Letter") attached hereto as Schedule 2, the Committee has requested that Chanin render the following services in these cases:

    a.  Review and analyze the Debtors' operations and financial condition, business plans and strategy, operating forecasts, and management;

b. Analyze any merger, acquisition, divestiture, joint-venture, or new project transactions proposed by the Debtors, and provide investment banking services as may be necessary;

c. Review and provide analysis and recommendations regarding any proposed dispositions of assets of the Debtors, debtor-in-possession financing, proposed operational changes, and the Debtors' proposed non-ordinary course expenditures, including employee retention plans and other related programs;

d. Assist the Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring or plan of reorganization, including the value of the securities, if any, that may be distributed to unsecured creditors under any such restructuring or plan; and

e. Provide the Committee with other financial advisory services with respect to the Debtors, including valuation, general restructuring advice, and expert testimony with respect to financial, business and economic issues, as requested by the Committee.

7. Subject to this Court's approval of the Application, Chanin is willing to serve as the Committee's financial advisor and to perform the services described above. Based upon the experience and expertise of Chanin and my analysis of the businesses and financial affairs of the Debtors, I believe that Chanin is well qualified to represent the Committee.

### Disinterestedness of Professionals

8. In connection with the Application, Chanin took the following actions to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and other applicable rules, regulations and guidelines with respect to the retention and employment of professionals by a creditors' committee:

a. Using information available in the public records or provided by the Debtors and their counsel, Chanin compiled a list of significant persons in the Debtors' Chapter 11 cases, which included both the Debtors and its affiliates; the Debtors' officers and directors; the Debtors' top-30 unsecured creditors; other counsel to the Debtors; and other parties (collectively, the "Bankruptcy Parties List"). (The Debtor's common stock was publicly-traded and Chanin does not have access to the identities of the holders of the Debtors' common stock.)

b. Chanin conducted a search of its client database (the "Client Database"), comprised of (i) the names of each current client and each former client in the preceding 5 year period, (ii) the names of parties who are or were related or adverse to such current or former clients, and (iii) the names of the Chanin personnel who are or were principally responsible for the current or former matters for such client to identify any potential match with a person or entity identified on the Bankruptcy Parties List.

c. Chanin reviewed the matches between the Client Database and the persons or entities identified on the Bankruptcy Parties List and eliminated obvious name coincidences and persons or entities who were both adverse to clients of Chanin in this matter and the matter referenced in the Client Database. The remaining client representations and connections were compiled for purposes of this Affidavit.

9. I caused a general notification to be sent to all Chanin directors, officers and employees advising them of Chanin's intent to represent the Committee as described above and requesting that each officer, directors or employee advise whether such officer, director or employee (a) is related to any United States District Judge, United States Bankruptcy Judge, or any person employed by the office of the United States Trustee in the District in which these bankruptcy cases are pending, (b) holds any equity securities in or claims against the Debtors, (c)

was employed by the Debtors, or (d) is aware of any client or representation of Chanin that is adverse to the Debtors or the Debtors' estate.

10. To the best of my knowledge, after the investigation described above, Chanin does not hold, or represent any entity holding, an interest adverse to the bankruptcy estates or the Committee.

11. To the best of my knowledge and based on the investigation described above, and except as set forth in Schedule 1 attached hereto, Chanin has no connection with the Debtors, creditors, any other party in interest in these Chapter 11 cases, or their respective attorneys and accountants.

12. To the best of my knowledge and based in the investigation described above, no director, officer, or employee of Chanin is related to any United States District Judge or United States Bankruptcy Judge in this District or to the United States Trustee for such district or any employee in the office thereof.

13. Chanin is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, such that, to the best of my knowledge and belief, Chanin, its directors, officers, and employees:

    a. are not or were not a creditor, an equity security holder or an insider of the Debtors;

    b. are not or were not an investment banker for any outstanding security of the Debtors;

    c. have not been, within 3 years before the filing of the Debtors' Chapter 11 cases (the "Petition Date"), (i) an investment banker for any security of the Debtors or (ii) an attorney for an investment banker in connection with the offer, sale or issuance of any security of the Debtors;

    d. are not or were not, within 2 years before the Petition Date, a director, officer or employee of the Debtors or of an investment banker of the Debtors; and

e.  do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reasons of any direct or indirect relationship to, connection with or interest in the Debtors or an investment banker of the Debtors or for any other reason.

14. Chanin in the past has represented, currently represents, and in the future likely will represent, certain creditors of the Debtors and other parties-in-interest in matters unrelated to the Debtors, the Debtors' bankruptcy cases or such entities' claims against or interests in the Debtors. As of the date of this Affidavit, I am aware that Chanin currently represents, or has represented those entities listed on Schedule 1 (each an "Interested Party") on matters unrelated to the Debtors.

15. To the best of my knowledge and other than as set forth in Schedule 1, Chanin is not aware of any claims that the Debtors or Debtors' estates have against a client of Chanin who is an Interested Party, arising out of an Interested Party's prepetition relationship with the Debtors. If Chanin should come into possession of information that would suggest the existence of a potential claim against a Chanin client, Chanin will advise the Committee of such information.

16. Chanin has not provided, and will not provide, any professional services to any of the Interested Parties with respect to any matter related to the Debtors, the Debtors' estates or these Chapter 11 cases.

17. Accordingly, Chanin has not tried to obtain, and does not at this time intend to try to obtain, conflict waivers from any creditors of the Debtors or Interested Parties, whom Chanin currently represents on matters unrelated to the Debtors or their Chapter 11 cases. To the extent a waiver is obtained, Chanin will file a supplemental disclosure with the Court.

18. In the event that the information disclosed herein requires modification, or additional information becomes available to Chanin with respect to any other significant relationship, connection or conflict which may exist between Chanin, its directors, officers, and employees, and the Debtors, a creditor or other party-in-interest or any other potentially adverse

party, which may affect these bankruptcy cases, Chanin will file a supplemental disclosure with the Court, and serve that supplemental disclosure on the United States Trustee and all official committees.

19. Based upon the foregoing Chanin believes that it may act as financial advisor for the Committee pursuant to Sections 327, 328 and 1103 of the Bankruptcy Code.

### Professional Compensation

20. Chanin has not received any advance fee or retainer for postpetition legal services.

21. Chanin has agreed to a monthly advisory fee of $125,000 per month (the "Monthly Fee"). The Monthly Fee shall be due on the first day of each month. In addition to the Monthly Fee, Chanin and the Committee have agreed that Chanin shall be entitled to monthly reimbursement of reasonable out-of-pocket expenses incurred in connection with the services to be provided under this Agreement. Monthly Advisory Fees plus reimbursement of reasonable and documented out-of-pocket expenses as billed are due upon the first day of each month to Chanin at the address listed above. Out-of-pocket expenses shall include, but not be limited to, all reasonable travel expenses, computer and research charges, messenger services, and long-distance telephone calls incurred by Chanin in connection with the services to be provided to the Committee.

22. Regardless of the time and manner of interim compensation, Chanin understands that, subject to this Court's orders, Chanin will be required to follow the procedures for final allowance of fees at the end of the bankruptcy cases, or the conclusion of its representation of the bankruptcy estate, under Section 330 of the Bankruptcy Code.

23. Chanin has agreed to accept as compensation on a final basis such sums as may be allowed by the Court on the basis of the necessity of services rendered to the administration of the estates, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in these cases.

24. Other than as set forth above, no arrangement is proposed between the Committee, any creditor or other party in interest and Chanin for compensation to be paid in these cases.

25. Except for arrangements among the members of Chanin, Chanin has no agreement with any other entity to share any compensation received, nor will any sharing be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

### Indemnification

26. Chanin has requested that the Debtors provide indemnification and other obligations set forth in the scheduled attached to the engagement letter between Chanin and the Committee. A copy of the engagement letter is attached as Schedule 1.

_____
Brent Williams

Sworn to and subscribed before
me this 13th day of July, 2003

_____
Notary Public

My Commission Expires: _____

ELIZABETH RAJU
Notary Public, State of New York
No. 01RA6046900
Qualified in New York County
Commission Expires August 21, 2006

# SCHEDULE "1"

## to Affidavit of Brent Williams in support of Application for Order Authorizing Employment of Chanin Capital Partners, LLC as Financial Advisors for the Committee of Unsecured Creditors

## DISCLOSURE LIST

As a result of its review, Chanin, has discerned that it has a connection with Global Crossing in a matter unrelated to the Debtors or the Debtors' chapter 11 cases (the "Cases"). Global Crossing is an unsecured trade creditor in the Debtors' cases, and Chanin is an advisor for the Official Committee of Unsecured Creditors in Global Crossing's chapter 11 case (the "Global Crossing Creditors' Committee"). Chanin believes its representation of the Global Crossing Creditors' Committee is completely unrelated to the Debtors' Cases. Chanin will continue to represent the Global Crossing Creditors' Committee.

Chanin may, from time to time represent entities connected to these cases in matters unrelated to these cases. Chanin believes that its representation of entities in matters unrelated to the Debtors poses no legal, practical or ethical impediment to Chanin's representation of the Debtors in these cases.

SCHEDULE "2"

to Affidavit of Brent Williams in support of Application for
Order Authorizing Employment of Chanin Capital Partners, LLC
as Financial Advisors for the Committee of Unsecured Creditors

ENGAGEMENT LETTER

As of June 27, 2003

To: The Official Committee of Unsecured Creditors (the "Official Creditors' Committee") of Touch America Holdings, Inc. (the "Company") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), in care of:

Official Creditors' Committee Chairperson

Debtors
Touch America Holdings, Inc..
130 North Main Street
Butte, Montana 59701-9332
Attn: Robert P. Gannon

Gentlemen:

The purpose of this letter is to confirm the agreement (the "Agreement") between Chanin Capital Partners, LLC ("Chanin"), the Official Creditors' Committee, and the Debtors concerning the Official Creditors' Committee's engagement of Chanin to provide financial advisory and related services to the Official Creditors' Committee in connection with the Debtors' pending chapter 11 cases (the "Cases").

1. <u>Engagement</u>: Chanin is being retained to provide financial advisory services to the Official Creditors' Committee in connection with a restructuring of the Debtors' indebtedness through their chapter 11 cases (a "Restructuring Transaction"). Upon retention, Chanin will work at the direction of the Official Creditors' Committee and in conjunction with other advisors retained by the Official Creditors' Committee to perform the following services as may be requested by the Official Creditors' Committee:

   (a) Review and analyze the Debtors' operations and financial condition, business plans and strategy, operating forecasts, and management;

   (b) Analyze any merger, acquisition, divestiture, joint-venture, or new project transactions proposed by the Debtors;

   (c) Review and provide analysis and recommendations regarding any proposed dispositions of assets of the Debtors, debtor-in-possession financing, proposed operational changes, and the Debtors' proposed non-ordinary course expenditures, including employee retention plans and other related programs;

   (d) Assist the Official Creditors' Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring or plan of reorganization, including the value of the

securities, if any, that may be distributed to unsecured creditors under any such restructuring or plan; and

(e) Provide the Official Creditors' Committee with other financial advisory services with respect to the Debtors, including valuation, general restructuring advice, and expert testimony with respect to financial, business and economic issues, as requested by the Official Creditors' Committee.

The advisory services and compensation arrangements set forth herein do not encompass other investment banking or financial advisory services not set forth in this paragraph 1.

2. Term of Agreement: This Agreement shall commence upon its execution as of June 27, 2003, by the parties and shall continue until the Official Creditors' Committee or Chanin gives 30 days prior written notice of termination to the other party. Upon any termination, the provisions of Paragraph 3 (to the extent applicable) shall survive the termination of this Agreement to the extent such provisions relate to the payment of fees due on or before the effective date of termination (in the event of any termination which is other than on the first of the month, the pro rata portion of the monthly fees referred to in Paragraph 3(a) for the month of termination shall be deemed to be due on the effective date of termination) and expenses incurred on or before the effective date of termination and the provisions of Paragraphs 5, 6, 7, 8, and 9 shall survive the termination of this Agreement and shall remain in effect.

3. Fees and Expenses:

(a) Monthly Fee: The Debtors shall pay Chanin a monthly advisory fee of $125,000 per month, payable each month in advance by wire transfer (the "Monthly Fee"). The Monthly Fee shall be due on the first day of each month.

Expense Reimbursement: Chanin shall be entitled to monthly reimbursement of reasonable out-of-pocket expenses incurred in connection with the services to be provided under this Agreement. Monthly Advisory Fees plus reimbursement of reasonable and documented out-of-pocket expenses as billed are due upon the 1st day of each month to Chanin at the address listed above. Out-of-pocket expenses shall include, but not be limited to, all reasonable travel expenses, computer and research charges, reasonable attorney fees (provided that such attorney fees shall not exceed $25,000 without the Official Creditors' Committee's prior consent), messenger services, and long-distance telephone calls incurred by Chanin in connection with the services to be provided to the Official Creditors' Committee.

4. Company Information: The Debtors and the Official Creditors' Committee recognize and confirm that in rendering services hereunder, Chanin will be using and relying on, and assuming the accuracy of, without any independent verification, data, material and other information (collectively, the "Information") furnished to Chanin by or on behalf of the Official Creditors' Committee, the Debtors, or other third parties (including their agents, counsel, employees and representatives). The Debtors and the Official Creditors' Committee understand that Chanin will not be responsible for independently verifying the accuracy of the Information provided to Chanin and shall not be liable for inaccuracies in any such Information. Unless required by subpoena or other valid legal process, and prior written notice is provided to the Official Creditors' Committee and the Debtors so that either or both may challenge such disclosure, Chanin will not disclose to any third party (other than Chanin's counsel and counsel to the Official Creditors' Committee) any portion of the information so provided

2

by the Debtors which constitutes confidential, proprietary or trade secret information except in furtherance of this engagement hereunder. Chanin will not use such confidential information for any purpose other than pursuant to Chanin's engagement hereunder.

5. Indemnification: The Debtors shall provide indemnification and other obligations set forth in Schedule I hereto, which is an integral part hereof and is hereby incorporated by reference. Further, in the event that an Indemnified Person (as defined in Schedule I) is requested or required to appear as a witness in any action brought by, or on behalf of, or against the Official Creditors' Committee or which otherwise relates to this Agreement or the services rendered by Chanin hereunder, the Debtors shall reimburse Chanin and the Indemnified Person for all reasonable expenses incurred by them in connection with such Indemnified Person appearing and preparing to appear as such a witness, including without limitation, the reasonable fees and disbursements of legal counsel.

6. Bankruptcy Court Approval: This Agreement is subject to the entry of an order of the court having jurisdiction over the Debtors' bankruptcy case approving the retention of Chanin pursuant to the terms hereof. The Official Creditors' Committee shall use commercially reasonable efforts to obtain prompt authorization of the retention of Chanin, *nunc pro tunc* to June 27, 2003, on the terms and provisions in this Agreement pursuant to section 328(a) of the Bankruptcy Code. The order approving the Agreement and authorizing the retention shall be acceptable to Chanin in its sole reasonable discretion.

7. Entire Agreement: This Agreement represents the entire Agreement between the parties and may not be modified except in writing signed by the parties. This Agreement may be executed in counterparts, each of which shall constitute an original. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision.

8. Affiliation: The Debtors and the Official Creditors' Committee recognize that Chanin has been retained only by the Official Creditors' Committee and that the Official Creditors' Committee's engagement of Chanin is not deemed to be on behalf of and is not intended to and does not confer rights upon the Debtors or any of its security holders, officers, agents employees or representatives, or any individual members of the Official Creditors' Committee. No one other than the Official Creditors' Committee is authorized to rely upon the engagement of Chanin hereunder or any statements, advice, opinions or conduct of Chanin.

9. Arbitration: This Agreement will be governed by, and construed in accordance with, the laws of the State of New York applicable to agreements made and to be performed entirely in such state. Except to the extent that the parties shall be permitted to adjudicate any dispute in the bankruptcy court having jurisdiction over the Debtors' chapter 11 case and the bankruptcy court desires to exercise such jurisdiction, each of the parties hereto agrees to submit any claim or dispute arising out of or related to this Agreement to private and confidential arbitration by a single arbitrator selected in accordance with the rules of the American Arbitration Association. The arbitration proceedings shall be governed by the Commercial Rules of Arbitration of the American Arbitration Association and shall take place in the Borough of Manhattan, New York City, New York. The arbitrator shall have the power to order discovery and the authority to award any remedy or relief that a court of the State of New York could order or grant, including without limitation specific performance. The decision of

3

the arbitrator shall be final and binding on each of the parties and judgment thereon may be entered in any court having jurisdiction. Each party agrees to the personal and subject matter jurisdiction of the bankruptcy court, and in the event the bankruptcy court declines to exercise such jurisdiction, then each party agrees to such arbitration for the resolution of any such claim, including any issue relating to this arbitration provision. In the event of any arbitration arising out of or in connection with this Agreement, the prevailing party in such action shall be entitled to an award of actual attorneys' fees and costs incurred in connection with the arbitration. Nothing in this paragraph shall pertain to or affect the authority of a bankruptcy court having jurisdiction over the Debtors to consider and rule upon Chanin's applications for interim or final compensation pursuant to this Agreement.

10. <u>Other Matters</u>: If this letter correctly sets forth our Agreement on the matters covered herein, please so indicate by signing and returning the enclosed copy of this letter and signing and retaining the duplicate we are enclosing for your records. Upon execution by the parties, this letter will constitute a legally binding Agreement between the Debtors, the Official Creditors' Committee, and Chanin.

We trust the foregoing terms and provisions are agreeable to you, and request that you sign and return the enclosed copy of this Agreement to us at your earliest convenience.

CHANIN CAPITAL PARTNERS, LLC

By: _____
     Brent Williams
Its:    Senior Vice President

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF TOUCH AMERICA HOLDINGS INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION

By:   _____, Official Creditors' Committee Chairperson

     _____

Its:   _____

TOUCH AMERICA HOLDINGS, INC. AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION

**By:**

     _____

Its:

Schedule I

This Schedule I is a part of and is incorporated into that certain letter agreement (the "Agreement"), dated as of June 27, 2003 by and between The Official Committee of Unsecured Creditors (the "Official Creditors' Committee") of Touch America Holdings, Inc. (the "Company") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") and Chanin Capital Partners, LLC ("Chanin"). Capitalized terms not defined herein shall have the same meaning assigned in the Agreement.

The Debtors shall indemnify and hold harmless Chanin and its affiliates and their respective directors, officers, employees, attorneys and other agents appointed by any of the foregoing and each other person, if any, controlling Chanin or any of its affiliates (Chanin and each such person and entity being referred to as an "Indemnified Person"), from and against any finally determined losses, claims, damages, judgments, assessments, costs and other liabilities (collectively, "Liabilities"), and will reimburse each Indemnified Person for all fees and expenses (including the reasonable fees and expenses of counsel) (collectively, "Expenses") as they are incurred in investigating, preparing, pursuing or defending any claim, action, proceeding or investigation, whether or not in connection with pending or threatened litigation and whether or not any Indemnified Person is a party (collectively, "Actions"), arising out of or in connection with advice or services rendered or to be rendered by an Indemnified Person pursuant to the Agreement, the transaction contemplated thereby or any Indemnified Persons' actions or inactions in connection with any such advice, services or transaction (the "Services"); provided that the Debtors will not be responsible for any Liabilities or Expenses of any Indemnified Person that are determined by a judgment of a court of competent jurisdiction, which judgment is no longer subject to appeal or further review, to have resulted from such Indemnified Person's gross negligence or willful misconduct in connection with any of the advice, actions, inactions or services referred to above. The Debtors shall also reimburse such Indemnified Person for all Expenses as they are incurred in connection with enforcing such Indemnified Persons' rights under the Agreement (including without limitation its rights under this Schedule I). Such Indemnified Person shall reasonably cooperate with the defense of any Actions.

Upon receipt by an Indemnified Person of actual notice of an Action against such Indemnified Person with respect to which indemnity may be sought under the Agreement, such Indemnified Person shall promptly notify the Debtors in writing; provided that failure to so notify the Debtors shall not relieve the Debtors from any liability which the Debtors or any other person may have on account of this indemnity or otherwise, except to the extent the Debtors shall have been materially prejudiced by such failure. The Debtors shall, upon receipt of notice, assume the defense of any such Action including the employment of counsel reasonably satisfactory to Chanin. Any Indemnified Person shall have the right to employ separate counsel in any Action and participate in the defense thereof, but the fees and expenses of such counsel shall be at the expense of such Indemnified Person, unless: (i) the Debtors have failed promptly to assume the defense and employ counsel or (ii) the named parties to any such Action (including any impleaded parties) include such Indemnified Person and the Debtors, and such Indemnified Person shall have been advised by counsel that there may be one or more legal defenses available to it which are different from or in addition to those available to the Debtors; provided that the Debtors shall not in such event be responsible hereunder for the fees and expenses of more that one separate counsel in connection with any Action in the same jurisdiction, in addition to any local counsel. The Debtors shall not be liable for any settlement of any Action effected without its written consent (which shall not be unreasonably withheld). In addition, the Debtors will not, without prior written consent of Chanin (which shall not be unreasonably withheld), settle, compromise or consent to the entry of any judgment in or otherwise seek to terminate any pending or threatened Action in respect of which indemnification or contribution may be sought hereunder (whether or not any Indemnified Person is a party thereto) unless such settlement, compromise, consent or termination includes an unconditional release of such Indemnified Person from all liabilities arising out of such Action.

In the event that the foregoing indemnity is not available to an Indemnified Person in accordance with the Agreement pursuant to the requirements of applicable law, the Debtors shall contribute to the Liabilities and Expenses paid or payable by such Indemnified Person in such proportion as is appropriate to reflect (i) the relative benefits to the Debtors, on the one hand, and to Chanin, on the other hand, of the matters contemplated by the Agreement, or (ii) if the allocation provided by the immediately preceding clause is not permitted by the applicable

6

law, not only such relative benefits but also the relative fault of the Debtors, on the one hand, and Chanin, on the other hand, in connection with the matters as to which such Liabilities or Expenses relate, as well as any other relevant equitable considerations. For purposes of this paragraph, the relative benefits to the Debtors, on the one hand, and to Chanin, on the other hand, of the matters contemplated by this Agreement shall be deemed to be in the same proportion as (a) the total value paid or received or contemplated to be paid or received by the Debtors in the transaction, whether or not any transaction is consummated, bears to (b) the fees paid or payable to Chanin under the Agreement.

No Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Official Creditors' Committee for or in connection with advice or services rendered or to be rendered by any Indemnified Person pursuant to the Agreement, the transactions contemplated thereby or any Indemnified Person's actions or inactions in connection with any such advice, services or transactions except for Liabilities (and related Expenses) of the Official Creditors' Committee that are determined by a judgment of a court of competent jurisdiction, which judgment is no longer subject to appeal or further review, to have resulted solely from such Indemnified Person's gross negligence or willful misconduct in connection with any such advice, actions, inactions or services.

These indemnification, contribution and other provisions of this Schedule I shall (i) remain operative and in full force and effect regardless of any termination of the Agreement or completion of the engagement by Chanin; (ii) inure to the benefit of any successors, assigns, heirs or personal representative of any Indemnified Person; and (iii) be in addition to any other rights that any Indemnified Person may have.

If, before the earlier of (i) the entry of an order confirming a Chapter 11 plan for the Debtors (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Debtors' Chapter 11 cases, Chanin believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter and Schedule I, including without limitation the advancement of defense costs, Chanin will file an application therefore in the Bankruptcy Court and the Debtors shall not pay any such amounts to Chanin before the entry of a final order by the Bankruptcy Court approving the payment. This paragraph is intended only to specify the period of time under which the Bankruptcy Court shall have jurisdiction over any request for fees and expenses by Chanin for indemnification, contribution or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Chanin.